IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE PONCA TRIBE OF INDIANS          )
OF OKLAHOMA IN ITS                  )
GOVERNMENTAL CAPACITY; *et al.*,    )
                                    )
                    Plaintiffs,     )
                                    )
vs.                                 )    Case Number CIV-05-445-C
                                    )
CONTINENTAL CARBON COMPANY;         )
CHINA SYNTHETIC RUBBER              )
CORP.; CHINA SYNTHETIC RUBBER       )
CORP., USA; and the TAIWAN          )
CEMENT CORP.,                       )
                                    )
                    Defendants.     )

## ORDER

Before the Court are the Motion to Dismiss of Defendant Taiwan Cement Corporation ("Taiwan Cement") and the Motion to Dismiss of Defendant China Synthetic Rubber Corporation ("China Synthetic"). Plaintiffs filed a combined Response[1] to which Taiwan Cement and China Synthetic filed a combined Reply. These matters are now at issue.

Plaintiffs filed the present action asserting various state law tort claims seeking compensation for injuries allegedly suffered from exposure to pollutants released from Defendants' facility. In the Complaint, Plaintiffs named as Defendants Continental Carbon Company, China Synthetic Rubber Corp., China Synthetic Rubber Corp. USA and the Taiwan Cement Corp. Taiwan Cement and China Synthetic filed the present motions

---

[1] Plaintiffs' courtesy copy of their brief fails to comply with LCvR 5.2(b) in that it is not bound at the left-hand margin.

seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6), arguing the Court lacks personal jurisdiction over them, that Plaintiffs' attempted service of process was improper and that Plaintiffs have failed to state a claim for relief on the medical monitoring claims. The Court, by separate Order, has resolved the medical monitoring issue and therefore this Order will focus on personal jurisdiction and service.

1.  Personal Jurisdiction

   *A. Taiwan Cement*.

Taiwan Cement argues the Court cannot exercise personal jurisdiction over it as it has no contacts with Oklahoma.  In response, Plaintiffs argue Taiwan Cement is the managing director of China Synthetic and a minority owner of China Synthetic Rubber Corp. USA ("CSRC USA")[2] which owns Continental Carbon Corp. which in turn owns the plant in Ponca City that is the source of Plaintiffs' alleged harm.

The Court's consideration of this dispute is governed by the following standard:

> The principles governing the disposition of jurisdictional motions to dismiss under Rule 12(b)(2) are well settled.  Generally, plaintiffs bear the burden of proof to establish that jurisdiction over the parties is proper.  In the context of pre-trial motions to dismiss decided without a hearing, plaintiffs must make only a prima facie showing as to the propriety of personal jurisdiction.

---

[2] Plaintiffs have identified this Defendant as China Synthetic Rubber Corp. USA. Defendant has noted in its briefs that the corporate name has been changed.  The issue of improper party identification has not been properly raised and, until such time as it is, Plaintiffs' designation of the party will be used.

> In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties. The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

McClelland v. Watling Ladder Co., 729 F.Supp. 1316, 1317-18 (W.D. Okla. 1990) (internal citations and footnote omitted). Both parties have submitted evidentiary material in support of their respective positions and the Court will consider that material.

Before requiring a party to appear and defend an action, the Court must be convinced that doing so will not "offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). The question is whether a defendant has such minimum contacts with the forum that he can reasonably anticipate being haled there to defend. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

Plaintiffs do not argue that Taiwan Cement should be held liable for the actions of a subordinate, but Plaintiffs have offered no evidence demonstrating Taiwan Cement has ever conducted business in Oklahoma. The only evidence offered by Plaintiffs to demonstrate Taiwan Cement's contact with Oklahoma is that it owns China Synthetic and CSRC USA. Thus, the question is governed by the Tenth Circuit's decision in Steinway v. Majestic Amusement Co., 179 F.2d 681 (10th Cir. 1949). In that case the circuit was faced with determining whether a non-resident corporation was engaging in or transacting business in

3

the state.  After considering the impact of <u>International Shoe</u> and its progeny to date, the circuit stated:

> These cases do indicate a definite disposition to broaden the concept of "engaging in business" to include mere solicitation, if it is sufficiently continuous to amount to a course of business. But, there is nothing in the philosophy of these cases, . . . *to justify the conclusion that the mere ownership and voting of the majority of stock of a domestic corporation by a nonresident corporation on two separate occasions is of such substantial character as to amount to 'engaging in or transacting business'* within the meaning of the state statute. Nor do they warrant disregard of corporate entities, so as to treat the acts of the resident corporation as those of the nonresident stockholder corporation.

<u>Steinway</u>, 179 F.2d at 684 (emphasis added).  The circuit revisited the issue later in <u>Quarles v. Fuqua Indus., Inc.</u>, 504 F.2d 1358 (10th Cir. 1974), where it was faced with the question of whether a parent corporation had transacted business in the state such that it had submitted itself to the jurisdiction of the courts of the state.  <u>Id.</u> at 1361.  In finding the parent corporation was not subject to personal jurisdiction in Kansas the circuit stated: "One company's exercise over a second corporation of a controlling influence through stock ownership does not make the second corporation an agent of the first."  <u>Id.</u> at 1364.  Here, the only evidence offered by Plaintiffs demonstrating contact with Oklahoma is Taiwan Cement's ownership interest in the companies that own the Ponca City plant.  The fact that as part of this ownership Taiwan Cement provided funding to Continental Carbon does not merit a different conclusion.  <u>See</u> <u>Garden City Co. v. Burden</u>, 186 F.2d 651, 653 (10th Cir. 1951) (the fact that one corporation owns all of the stock of another and thereby selects from its own directors and officers a majority or all of the directors of the other, or that a parent

4

finances a subsidiary is, without more, not sufficient to warrant disregarding the separate legal entity and treating them as one) (citing Taylor v. Standard Gas & Electric Co., 96 F.2d 693 (10th Cir. 1938) (rev'd on other grounds, 306 U.S. 307 (1939)). Plaintiffs' argument is further refuted by the affidavit of Ms. Chang, the senior Assistant Vice President for Taiwan Cement's Taipei, Taiwan, office, who avers that Taiwan Cement has no contact with Oklahoma. Plaintiffs have offered no evidence refuting this statement. Plaintiffs have failed to satisfy their burden and Taiwan Cement will be dismissed.

*B. China Synthetic*

China Synthetic argues that it likewise has no contact with Oklahoma other than its ownership interest in CSRC USA. As with Taiwan Cement, Plaintiffs argue the ownership interest is enough to warrant the Court's exercise of personal jurisdiction. In support of their position, Plaintiffs offer printouts from websites for China Synthetic, Continental Carbon, and CSRC USA. Plaintiffs argue that in these websites China Synthetic touts itself as a major producer of carbon black and thereby admits to having control over the Ponca City plant. Initially, the Court notes that Plaintiffs have offered nothing verifying the authenticity, accuracy, or reliability of the website printouts. See United States v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000) (upholding refusal to admit screenshots from a website where there was no evidence regarding their authenticity to satisfy Fed. R. Evid. 901 and no foundation to establish them as business records to satisfy Fed. R. Evid. 803(6)). Even assuming Plaintiffs can establish the validity of their evidence, it does not support their conclusions. Although the evidence is that China Synthetic markets itself as a supplier of carbon black, it is not clear

5

that carbon black comes from Ponca City. The organizational chart attached as exhibit K to Plaintiffs' response indicates China Synthetic controls a carbon black production facility in China and that the Ponca City plant is owned by Continental Carbon. Thus, in the absence of additional evidence, Plaintiffs have demonstrated nothing more than China Synthetic's ability to produce carbon black on its own and ownership of a separate corporation which also produces carbon black. That evidence is insufficient to find China Synthetic conducts business or has other minimum contacts with Oklahoma. See Quarles, 504 F.2d at 1362 ("[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." (citation omitted)). Finally, China Synthetic has offered the affidavit of its Chief Financial Officer for the Taipei, Taiwan, office who avers China Synthetic conducts no business in Oklahoma. In light of this evidence, Plaintiffs have failed in carrying their burden. The Court finds Plaintiffs have failed to meet their burden of establishing a basis for this Court's exercise of personal jurisdiction over China Synthetic and that Defendant will be dismissed.

Because Plaintiffs have failed to demonstrate the Court may properly exercise personal jurisdiction over Taiwan Cement or China Synthetic it is unnecessary to address their challenges to service of process and Plaintiffs' medical monitoring claims.

As set forth more fully herein, neither Taiwan Cement Corp. nor China Synthetic Rubber Corp. have sufficient contacts with Oklahoma to merit the Court's assertion of personal jurisdiction over them. Accordingly the Motion to Dismiss of Defendant Taiwan

Cement Corporation (Dkt. No. 35) and the Motion to Dismiss of Defendant China Synthetic

Rubber Corporation (Dkt. No. 37) are GRANTED and these Defendants are DISMISSED.

IT IS SO ORDERED this 18th day of October, 2005.

ROBIN J. CAUTHRON
United States District Judge