## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PONCA TRIBE OF INDIANS OF
OKLAHOMA, et al.

      Plaintiffs,

   vs.

CONTINENTAL CARBON COMPANY, et
al.,

      Defendants.

Case No:  CIV-05-445-C

### DEFENDANTS CONTINENTAL CARBON COMPANY'S AND CCC USA CORP.'S FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Continental Carbon Company ("Continental Carbon") and CCC USA Corp. formerly CSRC USA Corp. ("CCC USA")[1] (collectively "Defendants") for themselves and no other defendant, answer[2] the Complaint of The Ponca Tribe of Indians of Oklahoma, et al. (collectively, "Plaintiffs"), filed on April 20, 2005, as follows:

### NATURE OF THE ACTION

1.      Defendants admit that Continental Carbon operates a facility in Kay County, Oklahoma, near the intersection of State Highway 177 and East Oakland Avenue south of Ponca City (the "Facility").  Defendants admit that the Ponca Tribe of Indians (the "Ponca Tribe") has

---

[1]      Plaintiffs' Complaint misidentifies this entity as China Synthetic Rubber Corp. USA.  As of May 9, 2005, the name was officially changed from "CSRC USA Corp." to "CCC USA Corp."  CCC USA has contemporaneously filed a Notice of Name Change and Request to Modify Caption to Reflect Name Change.

[2]      On July 12, 2005, Defendants Continental Carbon and CCC USA filed their Partial Answer to the Complaint.  The answer was "partial" in that it did not respond to Plaintiffs' Cause of Action for medical monitoring, and the allegations in the Complaint related thereto, as that Cause of Action was the subject of a Motion to Dismiss filed by Defendants.  This First Amended Answer is filed solely for the purpose of responding to the medical monitoring allegations in the Complaint in light of the Court's October 18, 2005 Order denying Defendants' Motion to Dismiss.

brought suit against Defendants.  Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.  Accordingly, such allegations are deemed denied.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.  Accordingly, such allegations are deemed denied.

4.    The allegations contained in Paragraph 4 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  Defendants state that the Complaint speaks for itself.  To the extent a response is deemed required, Defendants deny the allegations.

## JURISDICTION AND VENUE

5.    Defendants admit that jurisdiction and venue are proper in this Court.

6.    The allegations contained in Paragraph 6 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## PARTIES

7.    Defendants admit that the Ponca Tribe of Oklahoma is a recognized Indian Tribe. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.  Accordingly, such allegations are deemed denied.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.  Accordingly, such allegations are deemed denied.

9.      The allegations contained in Paragraph 9 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.  Accordingly, such allegations are deemed denied.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.  Accordingly, such allegations are deemed denied.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.  Accordingly, such allegations are deemed denied.

13.      Defendants are is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.  Accordingly, such allegations are deemed denied.

14.      Defendants admit that Continental Carbon is a Delaware corporation with its principal place of business in Houston, Texas, and that it is registered to and conducts business in the State of Oklahoma.  Defendants admit that Continental Carbon manufactures carbon black at facilities located in Ponca City, Oklahoma, Phenix City, Alabama, and Sunray, Texas.  Defendants admit that Continental Carbon maintains a research and development laboratory in

Houston, Texas.  Defendants admit that Continental Carbon has marketing and sales offices located in Houston, Texas, Stow, Ohio and Uniontown, Ohio.  Defendants admit that a bulk distribution center in Barberton, Ohio, manages deliveries throughout parts of the United States. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint refer to an entity which is no longer a party to this action.  Therefore, no response is required.

16.     Defendants admit that CCC USA is a corporation incorporated outside the State of Oklahoma.  Defendants admit that CCC USA is a holding company with no employees and no active operations in the State of Oklahoma.  Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint refer to an entity which is no longer a party to this action.  Therefore, no response is required.

18.     Defendants admit that this Court has personal jurisdiction over Continental Carbon and CCC USA.  To the extent the allegations contained in Paragraph 18 of the Complaint refer to entities which are no longer parties to this action, no response is required.  Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendants admit that they derive profit from the sale of carbon black from the Facility.  Defendants state that carbon black is virtually pure, elemental carbon in the form of extremely fine, near-spherical colloidal particles.  To the extent the allegations contained in Paragraph 19 of the Complaint refer to entities which are no longer parties to this action, no response is required.  Because Plaintiffs' allegations are vague and over-generalized, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 19 of the Complaint. Accordingly, such allegations are deemed denied.

20.     The allegations contained in Paragraph 20 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required. However, to the extent a response is deemed required, Defendants deny the allegations.

## BACKGROUND

21.     Defendants admit that Continental Carbon manufactures carbon black at the Facility for use in various commercial products, including, but not limited to, tires, rubber and plastic products, printing inks and coatings. To the extent the allegations contained in Paragraph 21 of the Complaint refer to entities which are no longer parties to this action, no response is required. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit that the physical appearance of carbon black is that of a black, finely divided pellet or powder. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint. To the extent the allegations contained in Paragraph 22 of the Complaint relate to medical monitoring, those allegations involve matters that are the subject of a pending Motion to Dismiss filed by Defendants and, therefore, no response is required.

23.     Defendants admit that regulated air contaminants are emitted from the Facility, but states that the Facility is authorized to emit these air contaminants through environmental permits issued by the State of Oklahoma and/or the Oklahoma Department of Environmental Quality ("ODEQ") and/or pursuant to environmental regulatory requirements applicable within Oklahoma. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.    Defendants admit that carbon black can combine with chemicals during the manufacturing process and admits that carbon black may contain polycyclic aromatic hydrocarbon ("PAH") compounds that are bound on the molecular level.  Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.    The allegations contained in Paragraph 25 of the Complaint contain statements of statutory and regulatory provisions and constitute legal conclusions to which no response is required.    However, to the extent a response is deemed required, Defendants deny the allegations.    With respect to the allegations regarding the Occupational Safety and Health Administration ("OSHA") regulations, Defendants state that the regulations speak for themselves and deny any allegations contained in Paragraph 25 of the Complaint that are inconsistent with the regulations.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint

27.    To the extent the allegations contained in Paragraph 27 of the Complaint relate to medical monitoring, those allegations involve matters that are the subject of a pending Motion to Dismiss filed by Defendants and, therefore, no response is required.  In all other respects, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants state that Material Safety Data Sheets for carbon black and rail car placards speak for themselves and deny any allegations contained in paragraph 28 of the Complaint that are inconsistent with such documents or placards.  To the extent the allegations contained in Paragraph 28 of the Complaint relate to medical monitoring, those allegations involve matters that are the subject of a pending Motion to Dismiss filed by Defendants and, therefore, no response is required.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that ODEQ has conducted inspections of the Facility based upon complaints made by certain individuals. Defendants state that ODEQ is required by law to conduct an investigation any time a complaint is made and, therefore, Defendants deny that any inference of a violation can be made based upon a complaint or an ODEQ investigation. Defendants admit that ODEQ has alleged certain regulatory violations relating to Continental Carbon's emissions from the Facility, but denies that such violations have been established or determined pursuant to any final order issued by ODEQ. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. Accordingly, such allegations are deemed denied.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint as they relate to them.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint as they relate to them.

34. To the extent the allegations contained in Paragraph 34 of the Complaint constitute legal conclusions, no response is required. In all other respects, Defendants deny the allegations contained in Paragraph 34 of the Complaint as they relate to them.

35. Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint. Accordingly, such allegations are deemed denied.

## CLASS ALLEGATIONS

36.    The allegations contained in Paragraph 36 of the Complaint characterize Plaintiffs' suit and/or contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.  Defendants further deny that they have been or are responsible for property damage allegedly caused by carbon black dust particles.

37.    The allegations contained in Paragraph 37 of the Complaint characterize Plaintiffs' suit and/or contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.  Defendants further deny that they have been or are responsible for property damage allegedly caused by carbon black dust particles.

38.    The allegations contained in Paragraph 38 of the Complaint characterize Plaintiffs' suit and/or contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives

39.    The allegations contained in Paragraph 39 of the Complaint characterize Plaintiffs' suit and/or contain legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class

representatives.  Defendants further deny that they have been or are responsible for property damage allegedly caused by carbon black dust particles or continuing nuisance or trespass.

40.     The allegations contained in Paragraph 40 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

41.     The allegations contained in Paragraph 41 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

42.     The allegations contained in Paragraph 42 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

43.     The allegations contained in Paragraph 43 of the Complaint characterize Plaintiffs' suit and/or constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.  Defendants further deny that this action is properly maintainable as a class action or that Plaintiffs are proper class representatives.

**CLAIMS AT LAW AND EQUITY**

**COUNT I:  TRESPASS**

44.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 43 of the Complaint with the same force and effect as if set forth in full below.

45.    The allegations contained in Paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

46.    The allegations contained in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

**COUNT II:  PRIVATE NUISANCE**

47.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 46 of the Complaint with the same force and effect as if set forth in full below.

48.    The allegations contained in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

49.    The allegations contained in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

**COUNT III:  PUBLIC NUISANCE**

50.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 49 of the Complaint with the same force and effect as if set forth in full below.

51.     The allegations contained in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

52.     The allegations contained in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

53.     The allegations contained in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

54.     The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT IV:  FAILURE TO WARN

55.     Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 54 of the Complaint with the same force and effect as if set forth in full below.

56.     The allegations contained in Paragraph 56 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

57.     The allegations contained in Paragraph 57 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT V:  PERSONAL INJURIES

58.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 57 of the Complaint with the same force and effect as if set forth in full below.

59.    The allegations contained in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

60.    The allegations contained in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

61.    The allegations contained in Paragraph 61 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT VI:  NEGLIGENCE

62.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 61 of the Complaint with the same force and effect as if set forth in full below.

63.    The allegations contained in Paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

64.    The allegations contained in Paragraph 64 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT VII: MEDICAL MONITORING

65.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 64 of the Complaint with the same force and effect as if set forth in full below.

66.    The allegations contained in Paragraph 66 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

67.    The allegations contained in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

68.    The allegations contained in Paragraph 68 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT VIII[3]: UNJUST ENRICHMENT

69.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 68 of the Complaint with the same force and effect as if set forth in full below.

70.    The allegations contained in Paragraph 70 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

71.    The allegations contained in Paragraph 71 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

---

[3]    Plaintiffs' Complaint identifies this as a second Count VII, rather than Count VIII.

72.    The allegations contained in Paragraph 72 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

## COUNT IX[4]: PUNITIVE DAMAGES

73.    Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 72 of the Complaint with the same force and effect as if set forth in full below.

74.    The allegations contained in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

75.    The allegations contained in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required.  However, to the extent a response is deemed required, Defendants deny the allegations.

### RESERVATION OF CLAIMS

Defendants deny that Plaintiffs have any rights to maintain actions against Defendants under CERCLA or any other statutory environmental provision.  Defendants further state that Plaintiffs are required to join all actions arising out of the same transaction or occurrence in one action.

### PRAYER FOR RELIEF

Defendants deny the allegations and request for relief of Plaintiffs and respectfully request that the Court dismiss Plaintiffs' Complaint.

---

[4]    Plaintiffs' Complaint identifies this as Count VIII, rather than Count IX.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to state a claim upon which relief can be granted against Defendants.

2.      Plaintiffs' claims are barred by Plaintiffs' lack of standing to prosecute the claims individually or as a class action.

3.      Some or all Plaintiffs are not the real parties in interest as to some or all the claims and damages alleged in the Complaint.

4.      Plaintiffs' claims for medical monitoring are barred because Oklahoma law does not recognize a cause of action or remedy for medical monitoring.

5.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and/or the statue of repose.

6.      Plaintiffs' claims are barred in whole or in part by accord, satisfaction, release, and prior settlement agreements between some or all of the Plaintiffs and Continental Carbon or Continental Carbon's predecessors.

7.      Plaintiffs' claims against Defendants are barred in whole or in part by the doctrines of laches, waiver, and estoppel.

8.      Plaintiffs' claims against Defendants are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages.

9.      Plaintiffs' claims are barred in whole or in part by the doctrine of assumption of the risk.

10.      Plaintiffs' damages claims are barred in whole or in part by the doctrine of comparative negligence and proportionate responsibility.

11.      Some or all of Plaintiffs' claims are barred by the state-of-the-art doctrine.

12.     Plaintiffs alleged injuries, if any, have been caused by the acts and/or omissions of third parties over whom Defendants had no control or right to control.

13.     Acts and/or omissions of third parties have intervened and superseded any conduct of Defendants, and no act or omission of Defendants has proximately caused any injury to Plaintiffs.

14.     Some or all of Plaintiffs' injuries, if any, were caused by the intervening negligence of a third party.

15.     Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

16.     Plaintiffs have not joined the party/parties at fault for their alleged injuries. Defendants reserve their rights at trial to seek an allocation of fault to and contribution from such party/parties.

17.     Plaintiffs' claims must be reduced to the extent that Plaintiffs have settled in the past or will settle in the future claims against others.

18.     Plaintiffs' claims, partially or in their entirety, are misjoined in this lawsuit, and should be severed or dismissed.

19.     Plaintiffs' claims are barred by their failure to join indispensable parties and by failure to comply with the entire controversy doctrine.

20.     Plaintiffs' claims are barred in whole or in part by the prior nuisance doctrine.

21.     Some or all of Plaintiffs' claims are barred in whole or in part as they were based upon permitted discharges.

22.     Some or all of Plaintiffs' claims are preempted by federal law.

23.    Some or all of Plaintiffs' claims are preempted by rules or regulations issued pursuant to the authority of the United States of America and/or the State of Oklahoma.

24.    Defendants have complied with all reporting requirements imposed by state or federal law and the counts of Plaintiffs' Complaint based on failure to warn or disclose information must therefore fail as a matter of law.

25.    Some or all of Plaintiffs' claims may be barred by the doctrine of coming to the nuisance.

26.    Some or all of Plaintiffs' claims are barred by Defendants' compliance with applicable state and federal laws.

27.    Some or all of Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

28.    Some or all of Plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine and the authority of the Oklahoma Department of Environmental Quality and the United States Environmental Protection Agency.

29.    Some or all of Plaintiffs' claims are not ripe.

30.    Some or all of Plaintiffs' claims are moot.

31.    Any award of punitive damages to Plaintiffs in this case violates the constitutional safeguards afforded to Defendants and is barred by:

(a)    The Eight Amendment to the United States Constitution prohibiting excessive fines, as well as by Article 2, Section 9 of the Constitution of the State of Oklahoma;

(b)    The Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations, as well as by Article 2, Section 7 of the Constitution of the State of Oklahoma;

(c)    The Fourteenth Amendment to the United States Constitution guaranteeing equal protection of the laws;

(d)    The Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution and Article 2, Sections 20 and 21 of the Constitution of the State of Oklahoma, to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; and

(e)    The relevant provisions of Oklahoma law, particularly 23 O.S. § 9.1.

32.    The exemplary damage claims as alleged cannot be upheld to the extent they violate the holdings of the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003), and other cases.

33.    Plaintiffs' purported claim for medical monitoring is not recognized as a cause of action under Oklahoma law.

34.    Defendants deny all allegations in the Complaint not specifically admitted herein and reserve the right to amend and/or supplement their Answer and to assert additional Affirmative Defenses that may become relevant or apparent through the course of discovery or otherwise during the course of litigation.

WHEREFORE, Defendants request an Order entering judgment in their favor, awarding costs and disbursements, and granting such other and further relief as the Court may deem just and proper.

s/Mark D. Coldiron
Mark D. Coldiron (OBA No. 1774)
Phillip G. Whaley (OBA No. 13371)
Joe M. Hampton (OBA No. 11851)
Keith J. Klein (OBA No. 18285)
Patrick R. Pearce Jr. (OBA NO. 18802)
Ryan, Whaley & Coldiron
900 Robinson Renaissance
119 North Robinson
Oklahoma City, Oklahoma  73102
mcoldiron@ryanwhaley.com
(405) 239-6040 Phone
(405) 239-6766 Fax

ATTORNEYS FOR DEFENDANTS
CONTINENTAL CARBON COMPANY AND CCC
USA CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2005, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jason B. Aamondt, Esq.
Kalyn C. Free, Esq.
AAMODT & TOBY, PC
406 South Boulder Ave., Suite 101
Tulsa, OK 74103
ATTORNEYS FOR PLAINTIFFS

R. Casey Cooper
Christopher K. Woosley
Cooper, McKinney & Woosley
401 South Boston, Suite 3300
Tulsa, OK  74103

s/Mark D. Coldiron
MARK D. COLDIRON
