IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE PONCA TRIBE OF INDIANS          )
OF OKLAHOMA, et al.,                )
                                    )
                Plaintiffs,         )
                                    )
vs.                                 )     Case Number CIV-05-445-C
                                    )
CONTINENTAL CARBON COMPANY,         )
et al.,                             )
                                    )
        Defendants/Third Party Plaintiffs,   )
                                    )
vs.                                 )
                                    )
CONOCOPHILLIPS, a Corporation,      )
                                    )
            Third Party Defendant.  )

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order of July 13, 2006, or in the Alternative, Motion for Leave to Amend (Dkt. No. 186). Defendants Continental Carbon Company and CCC USA Corp. (CCC) filed a response and the matter is now at issue.

Plaintiffs seek reconsideration of the Court's July 13, 2006, Order which dismissed the claims of Plaintiff Ponca Tribe of Indians as well as the individual Plaintiffs due to lack of jurisdiction. Plaintiffs claim the Court's Order misapplied the facts and law and therefore should be vacated. In the alternative, Plaintiff Ponca Tribe seeks leave to file an Amended Complaint to reflect this action is brought by the incorporated entity. The individual Plaintiffs note that regardless of the result of the requests of Plaintiff Ponca Tribe, they wish

to remain in this action and prosecute their claims.  In response, CCC argues there was no error in the Court's Order, that any amendment without a fundamental change in the relief sought would be improper and that the individual Plaintiffs should be permitted to remain only upon satisfaction of certain conditions.

The Court has reviewed the parties' briefs on the present motion and revisited the July 13, 2006, Order and the underlying briefs and finds no error in the reasoning therein.  Despite Plaintiff Ponca Tribe's assertions to the contrary, it is apparent from the documents involved that a corporate entity exists which has a name different from that used by Plaintiff Ponca Tribe to bring this action.[1]  The Court also finds no meaningful distinction on this issue between the Oklahoma Indian Welfare Act and the Indian Reorganization Act.  Thus, the Court's reliance on Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993), as precedential authority was not in error.  Likewise, the Court's determination that Plaintiff Ponca Tribe of Indians is a sovereign entity and not a citizen of Oklahoma for diversity purposes was not in error.  Accordingly, this portion of Plaintiffs' Motion for Reconsideration will be denied.

Turning to Plaintiff's request to amend the Complaint, the Court finds the request should be granted.  Plaintiffs seek leave to amend the Complaint to name as a plaintiff the

---

[1] The Court is not persuaded by Plaintiffs' argument that they were prejudiced because this issue was first raised in CCC's reply brief and because the Court issued its Order before it could request leave to file a sur-reply.  As for the first issue, CCC challenged the citizenship of Plaintiff Ponca Tribe in its Motion for Judgment on the Pleadings and cited Gaines as authority for the proposition in that pleading.  Attached to Plaintiffs' response was the Corporate Charter which the Court referenced, at Plaintiffs' invitation.  As for the timing of the Order, it was issued some fifteen days after the reply was filed.  Given Plaintiffs' counsels' demonstrated ability to file prolix pleadings in short succession, the Court is convinced a short motion for leave to file a sur-reply could have been prepared in that time.

"Ponca Indian Tribe of Oklahoma, a Federally Chartered Sovereign Indian Tribe a/k/a the Ponca Tribe of Indians of Oklahoma."  (Pls.' Mot. at 4.)  Plaintiffs have also appended a resolution passed by the Ponca Business Committee which purportedly grants authority for the case to proceed under any name chosen.  As the Court understands the applicable law, the resolution is inadequate to resolve the problem.  As previously discussed, the Tenth Circuit has noted that a tribe has two separate entities, the sovereign and the corporate.[2]  It is only the corporate that exists as a citizen for diversity purposes.  Thus, any action sought to be pursued under the diversity statute must be brought in the name of that corporate entity.  Here, the Corporate Charter of the Ponca Indian Tribe of Oklahoma clearly states that the name of the "corporation shall be the Ponca Indian Tribe of Oklahoma."  (Dkt. No.168, Exh. A, p. 2.)  Thus, under circuit law, to the extent the Ponca Tribe wishes to pursue a diversity-based action in federal court, it must do so under that name.  While it may be possible for the tribe to choose to operate under any name it selects, absent a modification of the Charter, only one name is appropriate for legal proceedings in this Court.  CCC argues that more than a mere name change is necessary, that Plaintiff Ponca Tribe must make a fundamental change in the nature of the relief sought.  The Court disagrees.  The Corporate Charter delineates the corporate purposes of the Tribe to be:

> (a) To define and safeguard the rights and powers of the Ponca Tribe of Oklahoma and its members.

---

[2]  However, the Court is aware of no authority that requires the entities to have different names.

(b) To advance the standard of living of the tribe through the development of tribal resources, the acquisition of land or interests in land, the preservation of existing land holdings, the better utilization of land and the development of a credit program for the tribe and the individual members thereof.
(c) To promote in any other way the general welfare of the Indians of the Ponca Tribe of Oklahoma.

Id.  This broad definition of purposes clearly encompasses the claims brought against Defendants in the present action.  Although some language in the Complaint may need to be addressed to bring the pleading into compliance with the Court's rulings, there is no need for a "fundamental" change in the nature of the claims or legal theories.  Thus, CCC's claims of prejudice are without merit.  Plaintiffs' request for leave to file an Amended Complaint will be granted.

Finally, the Court turns to the requests of the individual Plaintiffs to proceed.  The only challenge brought by CCC in the Rule 12(c) motion against these Plaintiffs was the lack of complete diversity.  If an Amended Complaint is filed naming a tribal entity with proper diversity of citizenship, the complete diversity issue will be resolved and CCC's argument will be without merit.[3]  Even absent an Amended Complaint, the individual Plaintiffs will be permitted to proceed.  The Court's dismissal of these Plaintiffs was premised on uncertainty regarding their desire to proceed in this forum absent a party with whom they had joined to bring the action.  The individual Plaintiffs have now made clear their desire to proceed with

---

[3]  The Court notes that in response to Plaintiffs' present motion, CCC argues that certain of the individual Plaintiffs were to be dismissed based on an agreement of the parties.  In the absence of a proper request for relief, the Court will not address the issue.

or without Plaintiff Ponca Tribe.  Accordingly, that portion of the Court's July 13, 2006, Order dismissing the individual Plaintiffs will be vacated.

As set forth more fully herein, Plaintiffs have demonstrated no legal or factual error in the Court's July 13, 2006, Order; accordingly the request for reconsideration is denied. Because the claims currently pursued by the Tribe may be pursued by the corporate entity of the Tribe, Plaintiffs' request to amend the Complaint to specify it is brought by that entity is granted.  The individual Plaintiffs have expressed their desire to proceed in any event and therefore their dismissal will be vacated.

Accordingly, Plaintiffs' Motion for Reconsideration of the Court's Order of July 13, 2006, or in the Alternative, Motion for Leave to Amend (Dkt. No. 186) is GRANTED in part and DENIED in part.  Specifically, Plaintiffs' Motion for Reconsideration is DENIED and Plaintiffs' Motion for Leave to Amend is GRANTED.  Plaintiffs shall file an Amended Complaint consistent with the rulings herein within ten days of the date of this Order.  That portion of the Court's July 13, 2006, Order dismissing the individual Plaintiffs is VACATED.

IT IS SO ORDERED this 8th day of August, 2006.


ROBIN J. CAUTHRON
United States District Judge