IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PONCA TRIBE OF INDIANS OF OKLAHOMA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case Number CIV-05-445-C |
| CONTINENTAL CARBON COMPANY, et al., | ) ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) |
| vs. | ) ) |
| CONOCOPHILLIPS, a Corporation, | ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present motion seeking reconsideration of the Court's October 18, 2005, Order which dismissed Plaintiffs' claims against China Synthetic Rubber Corporation (CSRC). In that Order, the Court determined that Plaintiffs had failed to establish that CSRC conducts business or has other minimum contacts with Oklahoma. In reaching that conclusion, the Court noted that Plaintiffs' evidence established only that CSRC produced carbon black and owned a plant which produced carbon black. Plaintiffs now argue that based on discovery obtained since the Court's Order was entered, they have proof CSRC has conducted business in Oklahoma or that Continental Carbon Company (CCC) is merely an instrumentality of CSRC. In response, CSRC argues that Plaintiffs' evidence is not newly

discovered and in any event is insufficient to provide a basis for the Court to exercise jurisdiction over CSRC.

At the outset it is important to establish the procedural posture of the present dispute. Plaintiffs are seeking reconsideration of the Court's Order addressing CSRC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2). Thus, it is first necessary to establish that Plaintiffs are entitled to reconsideration of the Order and, if so, then the evidence presented in the present motion must be evaluated under the standards applicable to a Rule 12(b)(2) motion.

Although Plaintiffs offer their motion as brought pursuant to Fed. R. Civ. P. 60(b), the Court agrees with CSRC that that rule is inapplicable. Rule 60 is used to challenge final judgments or orders. See Fed. R. Civ. P. 60, 1946 Amendment Advisory Notes:

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

see also, 11 C. Wright & A. Miller, Federal Practice and Procedure § 2852 (2d ed. 1995):

> Rule 60(b), however, as amended in 1948, applies only to "a final judgment, order, or proceeding." Thus, the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b).

(internal footnotes omitted). Thus, the Court's decision on Plaintiffs' motion is governed solely by "the plenary power of a federal district court which has made an interlocutory order to grant such relief from that order as justice requires while the case is pending before it."

Houston Fearless Corp. v. Teter, 313 F.2d 91, 92 (10th Cir. 1962). Here, Plaintiffs have offered evidence demonstrating that justice requires reconsideration of the Court's earlier Order. While it is clear that Plaintiffs could have filed the present motion much earlier, the Court does not find the motion should be denied based on the delay.

Turning to the merits of Plaintiffs' motion, as noted, the challenge raised by CSRC is that the Court lacks personal jurisdiction over it. Thus, the standard is that employed by the Court in the October 18, Order:

> The principles governing the disposition of jurisdictional motions to dismiss under Rule 12(b)(2) are well settled. Generally, plaintiffs bear the burden of proof to establish that jurisdiction over the parties is proper. In the context of pre-trial motions to dismiss decided without a hearing, plaintiffs must make only a prima facie showing as to the propriety of personal jurisdiction.
>
> In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties. The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

McClelland v. Watling Ladder Co., 729 F.Supp. 1316, 1317-18 (W.D. Okla. 1990) (internal citations and footnote omitted). Thus, the question is whether Plaintiffs have made a prima facie case of personal jurisdiction over CSRC.

Plaintiffs have provided a number of e-mails evidencing substantial communication between CSRC and CCC. While some of those e-mails suggest that CSRC controls the actions of CCC, it is not necessary to determine if CSRC is the alter-ego of CCC. Rather, the Court finds the e-mails indicate sufficient contact with Oklahoma by CSRC that it could

reasonably anticipate being haled here to defend. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). In the e-mails, CSRC consistently expresses concern with the productivity and profitability of the Ponca City CCC plant. CSRC issues directives regarding how the plant should be operated and changes that should be made in that operation to make the plant more profitable. Indeed, when the Ponca City plant was not operating at 100%, CSRC inquired as to why, offered suggestions for correction, and sought input on how long the low production would last. Plaintiffs' claims arise from the operation of the plant and alleged pollution arising from that operation. One of Plaintiffs' theories is that the plant polluted because it was not repaired in a timely fashion and/or not repaired properly. Thus, Plaintiffs have provided at least a prima facie case that CSRC has minimum contacts with Oklahoma. See Pro Axess, Inc., v. Orlux Distrib., Inc., 428 F.3d 1270, 1277 (10th Cir. 2005) ("A defendant's contacts are sufficient if 'the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state.'" (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 291).

Plaintiffs have also noted e-mails demonstrating concern for whether the communications between CSRC and CCC may subject CSRC to legal liability in the United States. Those e-mails reference issues regarding leaks, mechanical failures, and environmental issues. Clearly, CSRC was aware that its actions could reasonably require it to appear and defend itself in Oklahoma. Accordingly, the Court finds it would not offend

traditional notions of fair play and substantial justice to require CSRC to appear in this action.

CSRC argues that given the length of time this case has been pending and the amount of discovery and motion practice conducted by the parties in its absence, adding it back into the mix at this late date will impose significant hardship on all involved. The Court is not persuaded. Although it is clear that much discovery has occurred and there will necessarily be some delay to permit CSRC to get up to speed, the Court's September 7, 2006, Order striking the Scheduling Order noted a new scheduling conference would be set. At that meeting, the Court and the parties can determine the most efficient course for the further resolution of this case. Accordingly, Plaintiffs' Motion to Reconsider will be granted.[*]

CSRC argues that in the event the Court grants Plaintiffs' request, it must then resolve its Fed. R. Civ. P. 12(b)(5) challenge to the sufficiency of process. Indeed, the Court's earlier Order determined it was unnecessary to reach that challenge because Plaintiffs had failed to demonstrate grounds for exercise of personal jurisdiction. Accordingly, the Court will consider the merits of that claim here.

CSRC argues that Plaintiffs' attempted service was improper as it was addressed to Dr. Wu Ding Kai (Dr. Wu) and at the time of service Dr. Wu was not an officer, director, or employee of CSRC. CSRC also notes that Plaintiffs' attempt at service failed to comply with Fed. R. Civ. P. 4(f)(2)(C)(ii) in that the summons was not mailed by the Court Clerk.

---

[*] Because Plaintiffs' motion is granted, it is unnecessary to consider their "alternative" argument that they should be permitted to amend their Complaint.

Finally, CSRC argues that the method of service employed by Plaintiffs is prohibited under Taiwanese law and therefore insufficient. Plaintiffs argue their method of service is permitted under Fed. R. Civ. P. 4(f)(3) and 4(c)(2) and therefore should be found sufficient.

Plaintiffs' attempt at service clearly did not comply with the options for service under Rule 4(f)(2). However, Rule 4(f)(3), permits service "by other means not prohibited by international agreement as may be directed by the court." Here, it is undisputed that whatever the defects in Plaintiffs' service of the summons, CSRC has received notice of the claims asserted against it. "The purpose of service of process is to give a party notice of the proceedings in sufficient time to prepare an adequate defense." SEC v. Beisinger Indus. Corp., 552 F.2d 15, 20 (1st Cir. 1977); see also 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061 (3d ed. 2002) (Rule 4 "was designed to provide maximum freedom and flexibility in the procedures for giving all defendants, including the United States and its agencies, no matter where they might be located, notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process."). There is no evidence that the methodology used by Plaintiffs is prohibited by international agreement. Thus, the Court finds it sufficient and denies CSRC's motion to dismiss the action for ineffective service.

For the reasons set forth herein, Plaintiffs' Motion to Reconsider Dismissal of Defendant China Synthetic Rubber Corporation (Dkt. No. 196) is GRANTED. That portion of the Court's October 18, 2005, order dismissing Defendant China Synthetic Rubber Corporation is VACATED. Further, Defendant China Synthetic Rubber Corporation's Motion to Dismiss

(Dkt. No. 37) is DENIED to the extent it challenges Plaintiffs' service of process. Defendant China Synthetic Rubber Corporation shall file an Answer or other responsive pleading within 20 days of the date of this Order.

IT IS SO ORDERED this 29th day of September, 2006.

ROBIN J. CAUTHRON
United States District Judge