IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PONCA TRIBE OF INDIANS OF OKLAHOMA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case Number CIV-05-445-C |
| CONTINENTAL CARBON COMPANY, et al., | ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) |
| vs. | ) ) |
| CONOCOPHILLIPS, a Corporation, | ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Continental Carbon Company and CCC USA Corp. ("Defendants") filed a motion to strike the expert report of Plaintiffs' expert, J. Berton Fisher. (Dkt. No. 426.) Defendants argue that Plaintiffs failed to timely disclose Dr. Fisher, violating both the Court's scheduling order and Federal Rules of Civil Procedure 26(a)(1) and (a)(2). Defendants request that the Court sanction Plaintiffs in accordance with Rule 37(c)(1) by prohibiting Plaintiffs from using the testimony of Dr. Fisher. Plaintiffs argue that Dr. Fisher is a rebuttal expert and therefore the disclosure was timely under Rule 26(a)(2)(C)(ii). Additionally, Plaintiffs argue that, should the Court find that the disclosure was untimely, Defendants will suffer no prejudice should Dr. Fisher be allowed to testify.

## **STANDARD**

Federal Rule of Civil Procedure 26(a)(2) sets forth the requirements regarding disclosure of expert witnesses. Under the rule, a party must disclose the identity and report prepared by its expert witnesses in accordance with any scheduling orders issued by the court. Fed. R. Civ. P. 26(a)(2)(C). If no scheduling order is issued, then all experts must be disclosed at least ninety days before the trial and all rebuttal experts must be disclosed within thirty days after the other party's disclosure. Id. at (a)(2)(C). Rule 37 provides sanctions should these discovery deadlines be violated. If a party fails to abide by the requirements of Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Trial courts have broad discretion to determine whether a failure to disclose is substantially justified or harmless. Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996)). While not dispositive, courts should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id.

**ANALYSIS**

The Court's scheduling order, entered in this case on September 7, 2007, set deadlines for providing final lists of expert witnesses and their reports. Plaintiffs were instructed to disclose their expert witnesses by March 1, 2008, with Defendants disclosing theirs twenty days later. (See Dkt. No. 313.) When this scheduling order was issued, trial was set for November 3, 2008.

According to Defendants' motion to strike, which was filed on July 11, 2008, Plaintiffs did not disclose the identity and expert report of Dr. Fisher until June 16, 2008. Defendants argue that this late disclosure is not substantially justified because Dr. Fisher worked with Plaintiffs since the beginning of the case. Furthermore, to the extent that Dr. Fisher is intended to rebut Defendants' experts, Defendants argue that his report should have been submitted no later than April 2008. According to Defendants, the late disclosure of Dr. Fisher's report is not harmless. It has caused complications with respect to the related state court case that was pending at the time the motion to strike was filed.[*] The late disclosure has also made it difficult for Defendants to schedule Dr. Fisher's deposition in a timely manner.

Plaintiffs argue that they disclosed Dr. Fisher's report in a timely manner. According to Plaintiffs, Defendants' expert Dr. Millette supplemented his report on May 1, 2008. Subsequently, Defendants' experts Dr. Rook and Dr. Joseph relied on the supplemental

---

[*]The case was subsequently dismissed on September 19, 2008.

report in their depositions on May 14, 2008, and May 29, 2008, respectively. Because Dr. Fisher is offered solely as a rebuttal expert witness, his report, which was disclosed on June 16, 2008, was within the applicable thirty day time limit. Further, should the Court find that the disclosure was untimely, Plaintiffs argue that it is harmless and Dr. Fisher should therefore be permitted to testify.

Regardless of whether Dr. Fisher's disclosure was untimely, the Court finds that it was harmless. At the time the motion to strike was filed, a trial was set in this case for November 3, 2008, approximately four months later. Because Plaintiffs inadvertently overlooked this motion to strike, Defendants did not file their reply until September 11, 2008. From the parties' filings, it appears a deposition was scheduled for sometime in late September. On September 23, 2008, the Court conducted a status conference with the parties by phone. At that time, the trial was stricken from the November docket and moved to February 2009, giving Defendants three additional months to consider Dr. Fisher's expert report. Because the trial was postponed, Defendants have almost eight months from the date Dr. Fisher's expert report was disclosed to prepare for its use at trial. Therefore, the Court finds there is no prejudice to Defendants as a result of this late disclosure. Introducing Dr. Fisher's testimony would not disrupt the trial since the parties still have over two months to prepare. Also, there is no evidence of any bad faith or willfulness by Plaintiffs in failing to disclose Dr. Fisher's report at an earlier date.

Accordingly, Defendants' motion to strike the expert report of J. Berton Fisher is DENIED. He will be permitted to testify at trial as a rebuttal witness for Plaintiffs.

IT IS SO ORDERED this 2nd day of December, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge