IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PONCA TRIBE OF INDIANS OF OKLAHOMA, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>CONTINENTAL CARBON COMPANY, et al.,<br><br>   Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>CONOCOPHILLIPS, a Corporation,<br><br>     Third Party Defendant. | Case Number CIV-05-445-C |

## MEMORANDUM OPINION AND ORDER

Third-Party Defendant ConocoPhillips ("COP") filed a motion for partial summary judgment on the unjust enrichment claim asserted by Defendant/Third-Party Plaintiff Continental Carbon Company ("CCC"). (See Dkt. No. 369.) CCC filed a response and COP filed a reply. (See Dkt. No. 416; Dkt. No. 457.) Pursuant to the Court's order of September 29, 2008, CCC filed a supplemental brief. (See Dkt. No. 497.)

### BACKGROUND

CCC filed a third-party complaint against COP on December 7, 2008, asserting claims for indemnity, contribution, and unjust enrichment. (See Dkt. No. 79.) At present, only CCC's claims for contribution and unjust enrichment remain. COP argues that summary

judgment is appropriate with respect to CCC's claim for unjust enrichment because CCC has not sufficiently identified any damages relating to this claim.

Initially, COP argues that CCC's Rule 26(a)(1)(A)(iii) initial disclosures failed to properly identify any damages arising from this claim. With respect to damages, CCC's initial disclosures merely stated: "To the extent Defendants/Third-Party Plaintiffs would be entitled to recover damages from ConocoPhillips pursuant to their third-party claims, such damages would be calculated based upon the relative fault of ConocoPhillips as to the damages imposed upon Defendants, if any, as proven at trial." (Dkt. No. 369, Ex. 1 at 4.) These disclosures were made on March 27, 2006, ten days after the Court's order identifying the manner in which CCC could recover based on unjust enrichment. Because the language of CCC's disclosure does not appear to conform to the identified basis of damages, COP argues that they are insufficient.

Additionally, COP argues that CCC failed to supplement its initial disclosures with information supporting its unjust enrichment claim. COP argues that CCC has never provided a computation of damages relating to this claim, nor has it identified any fact or expert witnesses on the issue. Because the discovery deadline has already passed, COP argues that CCC may not now submit such evidence and, as a result, the Court should grant summary judgment in COP's favor with respect to this claim.

CCC argues that it sufficiently disclosed unjust enrichment damages in its initial disclosures. According to CCC, should the jury determine that CCC was without fault with respect to a particular plaintiff or area of pollution, then CCC could potentially recover from

COP in unjust enrichment if CCC can demonstrate that it incurred expense with respect to that plaintiff or area. While CCC did not formally supplement its initial disclosures at a later date, it argues that it provided COP with information regarding its unjust enrichment damages throughout the discovery process. Specifically, CCC argues that it sent an email to COP on June 16, 2006, containing expenses incurred up to that time that were the basis for the unjust enrichment claim.[*] CCC also provides a table of samples that it collected between 1998 and 2008 and that, upon analysis, were deemed to be inconsistent with the chemicals emitted by CCC, but consistent with those emitted by COP. Should the Court find that any portion of this information was provided after the discovery deadline passed, CCC provides documentation indicating that, in many instances, the parties agreed to extend discovery past the Court-imposed deadline of May 31, 2008. As a result, CCC argues that it has provided sufficient information demonstrating the basis for its claim for unjust enrichment, and therefore summary judgment is inappropriate at this time.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc.,

---

[*] COP argues that this email related to a related state court case that was pending between the parties at the time the email was sent and therefore cannot serve as a computation of damages for this case.

477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, ___, 127 S.Ct. 1769, 1774 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## ANALYSIS

To make out a claim for unjust enrichment, Oklahoma law requires that CCC demonstrate: "(a) an enrichment to the adverse party; (b) an impoverishment to the claimant; (c) connection between the enrichment and impoverishment; (d) an absence of justification; and (e) an absence of remedies at law." Quarles v. Little River Energy Co., No. 00-CV-913-GFK-PJC, 2008 WL 185715, at *1-2 (N.D. Okla. Jan. 18, 2008). Such a claim is inappropriate where there is an adequate remedy at law. Id. at *2.

The Court previously determined, in its order dated March 17, 2006, that CCC does not have an adequate remedy at law. (See Dkt. No. 125 at 5.) Additionally, the Court noted that "[i]n the event Continental Carbon proves it incurred costs in performing testing or other analysis on a property and that property contained only substances produced by Conoco, Continental Carbon . . . would be entitled to recover under unjust enrichment." Id. In such a situation, CCC would be able to demonstrate the remaining elements.

The Court finds that CCC has submitted sufficient evidence demonstrating the basis of its claim for unjust enrichment, thereby precluding summary judgment at this time. In its response to COP's motion for summary judgment, CCC provided a table of results of analyses performed on environmental samples taken from various surrounding areas. (See Dkt. No. 416, Ex. 4.) According to this table, some areas tested appear to contain zero percent carbon black, the substance primarily associated with CCC's operations, while containing soot, coke, and/or catalyst, elements associated with COP's operations. With respect to these areas, CCC would be entitled to recover in unjust enrichment. CCC's further

response pursuant to the Court's order for more information indicates that many of these results were provided to COP throughout the discovery process and prior to the discovery deadline of May 31, 2008.  (See Dkt. No. 497, Ex. 20.)  CCC has therefore demonstrated that a genuine issue of material fact exists with respect to its claim for unjust enrichment.

COP's final argument that CCC failed to sufficiently identify its computation of damages is likewise without merit.  The purpose behind such Rule 26 disclosures is to help facilitate the exchange of information between parties in an effort to enable both sides to properly and effectively prepare for trial.  McKinney v. Reassure Am. Life Ins. Co., No. 06-CIV-271-RAW, 2006 WL 3228791, at *2 (E.D. Okla. Nov. 2, 2006).  In determining what needs to be disclosed, it is recognized that "'[t]he meaning of "category" of damages is not clear.  Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or "property damage," "bodily injury," etc.).  To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required.'" Id., quoting Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001).

Here, CCC's submissions thus far have clearly indicated the types of damages it is seeking as well as how those damages are to be measured.  Rather than simply requesting damages for unjust enrichment and asking for a dollar figure, CCC has consistently explained that it seeks damages in the amount of any money that it has spent in "responding to, investigating, sampling, monitoring, remediating, and/or compensating any party for complaints regarding the presence and/or appearance of any dark, soot-like substance on their person or property" when the damage was in fact caused by COP.  (Dkt. No. 79 at ¶ 23.)

CCC has submitted a 25-page table detailing the analysis performed by CCC on samples that it took. Many of these samples, according to CCC's experts, tested positive for substances emitted by COP but not for any substances emitted by CCC.

Accordingly, COP's motion for summary judgment is DENIED. CCC's claim for unjust enrichment may proceed.

IT IS SO ORDERED this 4th day of December, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge