IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PONCA TRIBE OF INDIANS OF OKLAHOMA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case Number CIV-05-445-C |
| CONTINENTAL CARBON COMPANY, et al., | ) ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) |
| vs. | ) ) |
| CONOCOPHILLIPS, a Corporation, | ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Continental Carbon Company (CCC) filed this motion in limine seeking to exclude a variety of evidence. First, CCC seeks to exclude evidence of its other plants in Texas, Alabama, and Taiwan. The Court finds that this evidence is relevant to Plaintiffs' alter ego claim, as well as the issue of CCC's intent. Therefore, this portion of CCC's motion is denied.

Second, CCC seeks to exclude all testimony regarding the flags flown at its plant. This evidence is relevant to Plaintiffs' allegations that China Synthetic Rubber Corporation (CSRC) effectively controlled operations at CCC's Ponca City plant. It is also relevant to Plaintiffs' claims regarding the effect of emissions from the plant. Therefore, this portion of CCC's motion is denied.

Third, CCC seeks to exclude evidence of Ponca City plant conditions and operations prior to April 2003. While April 2003 to present is generally the relevant time period, Plaintiffs' claim for public nuisance is not governed by a two-year statute of limitations. Older evidence may therefore be admitted in support of this claim. Additionally, such evidence may be admitted to provide an historical context for CCC's operations, provided it is neither cumulative nor unduly time-consuming.

Fourth, CCC seeks to exclude any references, testimony, or evidence regarding potential adverse health effects of carbon black (or other materials emitted by CCC), or any alleged personal injuries related thereto. While Plaintiffs have withdrawn their claims for wrongful death and medical monitoring, the Court has previously ruled that Dr. Teaf, Plaintiffs' expert, may testify about the general types of health risks posed by substances emitted by CCC. Such evidence is relevant both to Plaintiffs' nuisance claim and claim for damages relating to annoyance, discomfort, and insecurity. This portion of CCC's motion is therefore denied.

Fifth, CCC seeks to exclude all references, testimony, or evidence regarding the environmental impacts allegedly associated with its operations through media other than air. The Court finds that evidence relating to any environmental impacts associated with CCC's operations is relevant if Plaintiffs can demonstrate that such activities could contribute in any manner to their injuries. Accordingly, this portion of CCC's motion is denied.

Sixth, CCC seeks to exclude all references, testimony, or evidence suggesting that carbon black can be identified or distinguished from other forms of black dust or soot by

visual observation or feel alone. To the extent that witnesses seek to testify about what they saw, the evidence is relevant and may be admitted. A witness may not be permitted to testify that a black substance is carbon black simply through visual observation or feel, but testimony that the substance is consistent with carbon black may be permitted. The Court will determine the weight of such testimony once it is offered at trial.

Seventh, CCC seeks to exclude the testimony of Angela Howe. The Court finds that there is no reason to exclude her testimony at this time. She will be permitted to testify to the extent that her testimony is relevant and helpful.

Eighth, CCC seeks to exclude testimony by Plaintiffs' witnesses referring to any conditions on their property or CCC's operations as a "nuisance." CCC withdrew this request in its reply, and therefore this portion of CCC's motion is now moot.

Ninth, CCC seeks to exclude testimony by Plaintiffs' witnesses about the sacredness of their land, or the impacts of CCC's operations on their culture, including religious ceremonies. The Court finds that this testimony is relevant to Plaintiffs claims, particularly their claim for damages relating to annoyance, discomfort, and insecurity. Therefore, this portion of CCC's motion is denied.

Tenth, CCC seeks to exclude evidence of the disciplinary action, dismissal, and subsequent arbitration proceeding involving Frame and Cantrell. The Court finds that this information is not relevant. This portion of CCC's motion is granted subject to reconsideration based on the evidence presented at trial.

Eleventh, CCC seeks to exclude evidence of the reasons for the labor dispute that arose between CCC and its union.  Plaintiffs stated that they do not intend to introduce evidence regarding why there was a labor dispute between CCC and its union.  Additionally, the Court notes that this evidence is irrelevant and will not be admitted.

Twelfth, CCC seeks to exclude evidence of the purported need for cleaning of class properties in the absence of evidence that the house or property actually needs cleaning due to carbon black.  Because there will no longer be a jury trial, the order of evidence permitted by the Court may be somewhat different in an effort to promote judicial economy.  Therefore, the Court will rule on the admissibility of this evidence at trial.

Thirteenth, CCC seeks to exclude testimony by ConocoPhillips' experts as to what is "industry standard."  ConocoPhillips states in its reply that it does not intend to offer such testimony unless CCC does so first.  Accordingly, this portion of CCC's motion is moot.

Fourteenth, CCC seeks to exclude all references, testimony, or evidence regarding WW Recycling or CCC's old, out-of-service equipment.  It is impossible to determine whether the probative value of this evidence will be outweighed by the risk of prejudice until it is presented at trial, and therefore the Court will rule on its admissibility at that time.

Fifteenth, CCC seeks to exclude evidence of Defendants' financial condition or certain information in financial statements during the liability phase of the trial.  The Court finds that such evidence will generally be restricted to the punitive damages stage of the trial.  However, the Court notes that, to the extent such evidence relates to Plaintiffs' claim of alter ego liability, it is relevant and may be admitted during the liability stage.

Sixteenth, CCC seeks to exclude all references to the various motions presented to or ruled upon by the Court, along with references to any discovery disputes between the parties. Such evidence will not be admitted at trial.

Accordingly, CCC's Motion in Limine (Dkt. No. 560) is GRANTED IN PART and DENIED IN PART. To the extent that the evidence presented at trial differs from that recited in the parties' briefs, the Court's ruling may be reconsidered.

IT IS SO ORDERED this 5th day of February, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge