IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PONCA TRIBE OF INDIANS OF OKLAHOMA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case Number CIV-05-445-C ) |
| CONTINENTAL CARBON COMPANY, et al., | ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) |
| vs. | ) ) |
| CONOCOPHILLIPS, a Corporation, | ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

ConocoPhillips filed a motion in limine seeking the exclusion of a wide variety of evidence. First, ConocoPhillips seeks exclusion of all evidence relating to any emissions at its Ponca City refinery other than air emissions of particulate matter. The Court finds that such evidence is not generally admissible. However, if Plaintiffs introduce evidence relating to emissions by Continental Carbon other than air emissions of particulate matter, then Continental Carbon will be permitted to introduce evidence of similar emissions by ConocoPhillips. Additionally, the Court finds that neither party will be required to redact information relating to emissions other than air emissions of particulate matter. Finally, such evidence may be admitted if another relevant basis for its use is demonstrated.

Second, ConocoPhillips seeks to exclude evidence of its communications with representatives of the City of Ponca City. This evidence relates exclusively to the City's decision not to bring suit against ConocoPhillips in state court, and the Court finds that such evidence is not relevant to the present claims and defenses. Evidence of the City case will not be admitted at trial, except for the limited purpose of showing which party paid the resulting financial liability. Therefore, discussions between ConocoPhillips and the City appear to be unimportant and will therefore be excluded unless some relevant basis, other than those articulated thus far, is demonstrated during trial.

Third, ConocoPhillips seeks exclusion of evidence relating to its alleged failure to comply with air emission reporting regulations. While the Court previously noted that regulatory expectations and ConocoPhillips' intent do not appear to be relevant issues in this case, the fact that procedures employed by ConocoPhillips may result in unreported excess emissions certainly is relevant. The Court has already ruled that Ms. Hughes may testify about these issues at trial. Therefore, any failure to comply with reporting regulations that results in unreported or underreported excess emissions is relevant and may be admitted.

Fourth, ConocoPhillips seeks exclusion of evidence regarding its purported manipulation of environmental testing. As discussed with respect to the previous category of evidence, should these practices result in underreporting of emissions, then such evidence is relevant and may be admitted. With respect to the misalignment emails, the Court finds that if misalignment of the opacity monitor results in unreported excess emissions, then the evidence is relevant to the issues in this case. Therefore, if Continental Carbon can

demonstrate a reasonable basis at trial for questioning a particular ConocoPhillips witness on this issue, then the Court will permit the testimony so long as it is not unduly time-consuming.

Fifth, ConocoPhillips seeks exclusion of any suggestion that sand blasting or soot blowing was not included in the stack testing used to establish linear regression equations or that ConocoPhillips met nickel emissions standards. The Court finds that testimony regarding nickel emissions standards does not appear to be relevant and will therefore not be admitted. Additionally, the Court finds that, should failing to include soot blowing and sandblasting in the stack testing data result in unreported or underreported emissions, evidence of this practice would be relevant to the issues in the case and may be admitted at trial.

Sixth, ConocoPhillips seeks exclusion of evidence that it sand blasts or blows soot at a particular time to avoid filing excess emissions reports. The Court has previously determined that such practices are relevant to the extent that they result in unreported or underreported excess emissions. Therefore, if Continental Carbon can demonstrate that such underreporting actually occurs, then this evidence is relevant and may be admitted.

Seventh, ConocoPhillips seeks exclusion of evidence that Diane Anderson and David Cummings were on the city commission of Ponca City and had ties to ConocoPhillips. This evidence relates solely to the City's decision not to sue ConocoPhillips in Oklahoma state court. This decision is not relevant to the present claims and defenses, and this evidence will therefore be excluded.

Eighth, ConocoPhillips seeks exclusion of evidence that some of its employees were on the air quality council and the Oklahoma Environmental Board, along with any statements they may have made in such capacities.  Continental Carbon argues that such evidence demonstrates that ConocoPhillips influenced the way in which the Oklahoma Department of Environmental Quality treated Continental Carbon in comparison to ConocoPhillips.  The Court does not find such evidence relevant at this time.  If Continental Carbon can demonstrate otherwise at trial, however, then it may be admitted.

Ninth, ConocoPhillips seeks to exclude evidence relating to its purchases of real property near the refinery.  To the extent that Continental Carbon can demonstrate that such purchases were made in response to complaints to ConocoPhillips regarding air emissions and that they were made during a time period relevant to this case, then such evidence may be admitted.  Such evidence is also relevant to property values throughout the class area, and the Court will permit its introduction to the extent that the evidence is not cumulative or unduly time consuming.

Tenth, ConocoPhillips seeks to exclude evidence of its financial information.  Continental Carbon does not intend to offer such evidence unless it becomes otherwise relevant during the proceedings, and therefore the Court finds that it will not be admitted.

Eleventh, ConocoPhillips seeks to exclude evidence about the price of oil and/or gasoline.  Continental Carbon agrees with this request, and therefore such evidence will not be admitted at trial.

Twelfth, ConocoPhillips seeks to exclude its annual reports. Continental Carbon agrees with this request, except to the extent that the annual reports contain statements regarding ConocoPhillips' environmental performance, goals, accomplishments, strategies, etc. Therefore, the Court finds that such evidence will not be admitted at trial unless a relevant basis for its use is demonstrated.

Thirteenth, ConocoPhillips seeks exclusion of evidence regarding the filing of motions in limine. Such evidence will not be admitted at trial.

Finally, ConocoPhillips seeks exclusion of evidence regarding Patrick Ryan's role in prosecuting Timothy McVeigh and Terry Nichols. Continental Carbon agrees to this request. Such evidence is irrelevant and will not be admitted.

Accordingly, ConocoPhillips' Motion in Limine (Dkt. No. 551) is GRANTED IN PART and DENIED IN PART. To the extent that the evidence presented at trial differs from that recited in the parties' briefs, the Court's ruling may be reconsidered.

IT IS SO ORDERED this 5th day of February, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge