IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PONCA TRIBE OF INDIANS OF OKLAHOMA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case Number CIV-05-445-C |
| CONTINENTAL CARBON COMPANY, et al., | ) ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) |
| vs. | ) ) |
| CONOCOPHILLIPS, a Corporation, | ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant China Synthetic Rubber Corporation (CSRC) filed a motion in limine seeking exclusion of a variety of evidence. First, CSRC seeks to exclude all evidence regarding the condition or operation of CSRC's Taiwan plant. The Court finds that such evidence is relevant to Plaintiffs' alter ego claim as well as CSRC's business plan, and the Court finds that the probative value of the evidence exceeds any risk of waste of time or prejudice. Therefore this portion of CSRC's motion is denied.

Second, CSRC seeks to exclude all suggestions that it violated state or federal environmental laws. Again, the Court finds that such evidence is relevant to Plaintiffs' alter ego claim and CSRC's business plan, and therefore this portion of CSRC's motion is denied.

Third, CSRC seeks to exclude evidence or argument regarding an alleged investigation of "illegal" activities at Continental Carbon's Ponca City plant. The exclusion of this evidence is premature at this time. The lack of a jury obviates the risk of prejudice, and therefore the Court will rule on this evidence as it is presented at trial.

Fourth, CSRC seeks to exclude evidence or arguments that the Ponca City plant was regularly or occasionally visited by "someone from Taiwan." Based on the information provided, the Court finds that such evidence is irrelevant and will not be admitted. This portion of CSRC's motion is granted subject to reconsideration at trial.

Fifth, CSRC seeks to exclude evidence concerning Continental Carbon's operations at its Phenix City, Alabama, and Sunray, Texas, plants. The Court has previously ruled that Plaintiffs may present evidence regarding their claim of alter ego liability, and this evidence is directly relevant to that claim. Additionally, evidence regarding the Alabama litigation is relevant to ConocoPhillips' contribution claim. Therefore, this portion of CSRC's motion is denied.

Sixth, CSRC seeks to exclude all references to the Taiwanese flag flying at the Ponca City plant. Again, this evidence is relevant to Plaintiffs' claim that CSRC effectively controlled operations at Continental Carbon's Ponca City plant. This portion of CSRC's motion is denied.

Seventh, CSRC seeks to exclude all references to the history or economic status of the Ponca Tribe or its members. A lengthy history lesson regarding the Ponca Tribe is unnecessary and irrelevant to the present claims and defense, and therefore this portion of

CSRC's motion is granted in part. However, minimal background information may be relevant and useful, and therefore the Court will permit such testimony to the extent that it is neither cumulative nor unduly time-consuming.

Eighth, CSRC seeks to exclude comments that the Union lockout was the longest union lockout in American history by a foreign corporation. Plaintiffs' response indicates that they have no intention of attempting to prove that this particular lockout was longer than any other. The Court finds that the evidence is irrelevant and will not be admitted. This portion of CSRC's motion is granted.

Ninth, CSRC seeks to exclude evidence concerning the history or wealth of the Koo family or of Leslie Koo. The Court finds that such evidence is relevant, although so peripherally that it may be limited at trial. Therefore, this portion of CSRC's motion is denied and such evidence may be admitted to the extent that the Court finds it useful and relevant.

Tenth, CSRC seeks to exclude evidence regarding trips by representatives of the Ponca Tribe or members of the PACE Union to Taiwan. The Court finds that such evidence is relevant to Plaintiffs' alter ego claim and therefore this portion of CSRC's motion is denied.

Eleventh, CSRC seeks to exclude financial information regarding Continental Carbon or CSRC. The Court finds that such evidence will generally be restricted to the punitive damages stage of the trial. However, the Court notes that, to the extent such evidence relates

to Plaintiffs' claim of alter ego liability, it is relevant and may be admitted during the liability stage.

Twelfth, CSRC seeks to exclude suggestions that Continental Carbon or CSRC have "discriminated" against the Ponca Tribe and the Plaintiff class members because they are Native Americans. None of the claims in this case concern discrimination, and therefore the Court finds that this evidence is irrelevant and will not be admitted.

Thirteenth, CSRC seeks to exclude suggestions that Continental Carbon's carbon black plants located in the United States are "owned" or "operated" by CSRC, or reference to the plants as "CSRC's plants." This evidence is directly relevant to Plaintiffs' alter ego claim. This portion of CSRC's motion is therefore denied.

Finally, CSRC seeks to exclude evidence or suggestions that Continental Carbon or CSRC have "hidden" documents from Plaintiffs or ConocoPhillips in this case. The Court finds that such evidence is relevant to both companies' intent as well as Plaintiffs' alter ego claim. Therefore, this portion of CSRC's motion is denied.

Accordingly, CSRC's Motion in Limine (Dkt. No. 558) is GRANTED IN PART and DENIED IN PART. To the extent that the evidence presented at trial differs from that recited in the parties' briefs, the Court's ruling may be reconsidered.

IT IS SO ORDERED this 5th day of February, 2009.

ROBIN J. CAUTHRON
United States District Judge